# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEON KAUFMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-276-TCK-PJC |
| ) | |
| ANITA TRAMMELL,[1] Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Leon Kaufman, a state prisoner appearing *pro se*. Respondent filed a response to the petition (Dkt. # 8), and provided the state court records necessary for resolution of Petitioner's claims (Dkt. ## 8, 9, 10). Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

## *BACKGROUND*

On November 29, 2004, Petitioner and his girlfriend, Ashley Clem, took Ms. Clem's twenty-one month old baby, Isahiah, to the emergency room at Hillcrest Hospital in Tulsa, Oklahoma. Isahiah was unconscious and suffering from multiple injuries. He was transferred to St. Francis Hospital, but died on November 30, 2004. It was later determined that Isahiah's fatal injuries were the result of physical abuse and beatings. After further investigation, Petitioner and Ashley Clem

---

[1] Petitioner incorrectly named the State of Oklahoma as Respondent. Rule 2 of the *Rules Governing Section 2254 Cases* provides that the proper Respondent is the state officer who has custody of a prisoner. According to www.doc.state.ok.us, Petitioner is currently incarcerated at the Mack Alford Correctional Center (MACC). Because Anita Trammell is the warden at MACC, the Court Clerk is directed to substitute Anita Trammell, Warden, as the proper Respondent in this matter.

were arrested and charged with First Degree (child abuse) Murder (Count 1), and Felony Child Neglect (Count 2).

Ashley Clem entered a plea of guilty to Second Degree Murder and was sentenced to forty (40) years imprisonment. Petitioner opted for a jury trial and was found guilty of both counts on December 9, 2005, in Tulsa County District Court, Case No. CF-2004-5190. On February 3, 2006, he was sentenced in accordance with the jury's recommendation to life in prison on each count. The life sentences were ordered to be served concurrently. See Dkt. # 10-3 at 87-90 .

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Stephen Greubel, Petitioner raised three (3) propositions of error on direct appeal:

> Proposition 1: The court's refusal to excuse juror Brown for cause violated this court's holding in *Hawkins v. State*.
>
> Proposition 2: The evidence was insufficient to establish the offense of First Degree Murder.
>
> Proposition 3: The eighty-five percent (85%) jury instruction requirement of *Anderson v. State*, 2006 OK CR 6, 130 P.3d 273, (decided February 22, 2006), should be applied to appellant Kaufman's case.

(Dkt. # 8, Ex. 1). In an unpublished summary opinion, filed July 30, 2007, in Case No. F-2006-123, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 8, Ex. 3). Petitioner did not file for post-conviction relief.

Petitioner filed the instant habeas corpus petition on May 8, 2008 (Dkt. # 1), identifying the same three grounds for relief as the propositions raised on direct appeal. In response, Respondent asserts that Petitioner's claims do not justify habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 8.

2

## *ANALYSIS*

**A.     Exhaustion**

Before addressing any claim raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c)  See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that Petitioner has fairly presented his habeas claims to the OCCA.  Therefore, the exhaustion requirement is satisfied in this case.

The Court also finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his federal claims challenging his convictions and sentences to the OCCA on direct appeal. The OCCA denied relief. See Dkt. # 8, Ex. 3. Therefore, to the extent the OCCA considered the constitutional grounds identified by Petitioner, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

### 1. *Failure to excuse Juror Brown for cause (ground 1)*

As his first proposition of error, Petitioner alleges that the trial judge violated his constitutional rights to an impartial jury and a fair trial by denying his motion to remove Juror Michelle Brown for cause. The OCCA rejected this claim on direct appeal, finding that the trial court did not abuse its discretion in deciding to accept Juror Brown's assurances that she could be fair. See Dkt. # 8, Ex. 3 at 2. Respondent submits that habeas relief should be denied because the OCCA's ruling was not contrary to or an unreasonable application of clearly established Supreme Court law.

In support of his claim that Juror Brown should have been removed for cause, Petitioner argues that Brown could not be impartial because she had been sexually abused as a child, raped twice as an adult, and had been the victim of a domestic assault and battery within the three years prior to the trial. The trial judge conducted individual *voir dire* of Ms. Brown at the bench, asking several questions about these incidents and whether Ms. Brown felt they might affect her ability to be a fair juror in Petitioner's trial. See Dkt. # 8, Ex. 4 at 3-10. Ms. Brown assured the court that she was confident that she could impartially judge Petitioner's case on the evidence presented. Id. After

4

hearing Ms. Brown's responses and repeated answers indicating she could be fair, the trial judge denied Petitioner's motion to strike her for cause.

Under the Sixth Amendment to the Constitution, a defendant has a right to trial by an impartial jury. "One touchstone of a fair trial is an impartial trier of fact - 'a jury capable and willing to decide the case solely on the evidence before it.'" McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 554 (1984) (quoting Smith v. Phillips, 455 U.S. 209, 217 (1982)). The proper standard for determining when a prospective juror should be excused for cause is whether the juror's views would "prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." Wainwright v. Witt, 469 U.S. 412, 424 (1985) (quoting Adams v. Texas, 448 U.S. 38 (1980)). Further, the Supreme Court has stressed that the trial court is granted wide discretion in conducting *voir dire* in areas of inquiry that might tend to show juror bias. Mu'min v. Virginia, 500 U.S. 415, 427 (1991). "*Voir dire* examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." Id. at 431. On direct appeal, the OCCA rejected Petitioner's claim on the merits, concluding that the trial court did not abuse its discretion in refusing to strike Juror Brown for cause. Petitioner has not demonstrated to this Court that Juror Brown was partial, nor has he shown how her service on the jury resulted in an unfair trial.

After careful review of the record, the Court concludes that the OCCA's adjudication of this claim did not result in a decision contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas corpus relief on this claim.

5

### *2. Insufficient evidence for First Degree Murder (ground 2)*

As his second ground of error, Petitioner alleges that the State presented insufficient evidence to support his conviction for First Degree Murder. On direct appeal, Petitioner argued that the evidence was not sufficient to establish that he knew of, or consented to the injuries inflicted on Isahiah by Ashley Clem, and there was no evidence that Petitioner was the one who inflicted the fatal injuries. See Dkt. # 8, Ex. 1 at 11. The OCCA denied relief on this claim, finding as follows:

> The trial evidence was sufficient for any rational fact finder to conclude that Kaufman participated in inflicting, or allowing the child's mother to inflict, the fatal injuries that resulted in the child's death in this case. *Jackson v. Virginia, 443* U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *see also Jones v. State,* 2006 OK CR 5, ¶ 32, 128 P.3d 521, 537, *cert denied,* __ U.S. __, 127 S. Ct. 404, __L.Ed.2d __ (2006).

(Dkt. # 8, Ex. 3).

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004). Under either standard, Petitioner's claim in this case fails.

6

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir. 1998). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Further, the Court evaluates the sufficiency of the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (quoting United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986)). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a jury's finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

This Court looks to Oklahoma law for the substantive elements of first degree child abuse murder. Under Oklahoma law and the facts of this case, the State was required to prove beyond a reasonable doubt: (1) the death of a child under the age of eighteen; (2) the death resulted from the willful or malicious injuring and/or use of unreasonable force; (3) which was willfully caused and permitted by the defendant; (4) who was responsible for the child's health or safety. See Okla. Stat.

7

tit. 21, § 791.7(C); Dkt. # 8, Ex. 5. Petitioner claims the State did not prove that Isahiah's death was willfully caused and permitted by him. He claims that he did not administer the fatal blows to the child. However, Oklahoma law provides that evidence is sufficient for a first degree child abuse murder conviction when the defendant knew or should have know that the abuse was occurring. See Gilson v. State, 8 P.3d 883, 913 (Okla. Crim. App. 2000). In Petitioner's case, the evidence showed that Petitioner admitted inflicting injuries to Isahiah on the night of his fatal beating, knew that Ashley Clem was inflicting further injuries to the child, and failed to stop the abuse or seek medical attention for Isahiah until several hours after the beating.

Upon review of the entire record, and viewing the evidence in the light most favorable to the prosecution, a rational jury could have readily concluded that there was sufficient evidence to convict on every element of the offense of first degree child abuse murder. Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

### 3. Trial court's failure to instruct on eighty-five percent rule (ground 3)

Next, Petitioner claims that the trial court violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution because the judge refused to give the jury an instruction on the 85% Rule. Under the 85% Rule, as applicable to the facts of this case, "[p]ersons convicted of: [f]irst degree murder as defined in Section 701.7 of [Title 21] . . .[and/or] [a]ny crime against a child provided for in Section 843.5 of [Title 21] . . . shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." Okla. Stat. tit. 21, § 13.1 (2002). At the time of

8

Petitioner's trial, held December 7, 2005, an instruction on the 85% Rule was not required under Oklahoma law. On February 22, 2006, or more than two (2) months after Petitioner's trial, the OCCA held that trial courts should instruct jurors on the 85% Rule prior to sentencing. Anderson v. State, 130 P.3d 273, 283 (Okla. Crim. App. 2006). The Anderson court, however, specified that its holding was prospective and did not apply to "cases before this decision." Id. The trial judge did not violate Petitioner's constitutional rights by failing to give the jury an instruction on the 85% Rule. There is no federal requirement for instructing jurors about parole eligibility in a non-capital case, and when Petitioner was tried, Oklahoma law did not require such an instruction. See O'Neal v. Province, 415 Fed. Appx. 921, 925 (10th Cir. 2011) (unpublished)(citing Anderson, 130 P.3d at 283)), *cert. denied*, 129 S. Ct. 918 (Jan. 12, 2009). In this case, therefore, the trial judge did not violate Petitioner's constitutional rights and the OCCA's denial of relief on this claim was not an unreasonable application of Supreme Court law.

**C. Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

9

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Court Clerk shall substitute Anita Trammell, Warden, as the proper Respondent in this case.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. A separate Judgment shall be entered in this case.

4. A certificate of appealability is **denied**.

DATED THIS 6th day of February, 2012.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE